# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 06-358 |
| ) | Judge Nora Barry Fischer |
| KOREY MITCHELL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendant Korey Mitchell's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 53) filed in the above captioned matter on March 17, 2009. The Government filed a response to said Motion on April 6, 2009. (Docket No. 55). On April 28, 2009, Defendant filed a Supplement to his Motion. (Docket No. 58). Based on the following, Defendant's Motion [53] is GRANTED.

On October 10, 2006, Defendant was charged by indictment at Criminal Number 06-0358 with possession with intent to distribute and distribution of fifty (50) grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) at Count I; possession with intent to distribute less than five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) at Count II; and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), at Count III. (*See* Docket Nos. 4 and 5).

On June 25, 2007, Defendant pleaded guilty to Counts I and III.[1] (*See* Docket No. 33). Thereafter, on November 29, 2007, Defendant was sentenced by the undersigned Judge to sixty (60) months imprisonment at Count I and thirty-three (33) months at Count III, said terms to be served concurrently, followed by five years of supervised release. (Docket No. 44). Upon motion by the Government, Count II was dismissed. (*Id.*).

Defendant moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) due to Amendment 706 to Section 2D1.1 of the Sentencing Guidelines, which generally reduces the base offense levels for crack cocaine offenses. *See United States v. Moses*, Crim. No. 05-109, 2008 WL 655993, at *1 (W.D. Pa. Mar. 5, 2008)(generally discussing "that in the 2007 amendments to the United States Sentencing Guidelines, the base offense levels involving crack cocaine offenses have been lowered, and that the reduction applies retroactively").

In considering a section 3582(c)(2) motion, it is within a court's discretion to determine whether an evidentiary hearing is necessary because proceedings under section 3282(c)(2) and the policy statement of Guideline 1B1.10(a)(3) "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3); *United States v. Styer*, Civ. A. No. 08-2951, 2009 U.S. App. LEXIS 6240, at *5 (3d Cir. Mar. 25, 2009)(citing *United States v. Faulks*, 201 F.3d 208, 210 (3d Cir. 2000)). Instead, "courts are constrained to consider only the retroactive amendment at issue and are instructed to 'leave all other guideline application decisions unaffected.'" *Styer*, 2009 U.S. App. LEXIS, at *5 (quoting U.S.S.G. § 1B1.10(b)(1); and citing *United States v. McBride*, 283 F.3d 612,

---

[1] This matter was originally assigned to the Honorable Thomas M. Hardiman. Following his elevation to the United State Court of Appeals of the Third Circuit, this matter was reassigned to the undersigned Judge on April 6, 2007. (*See* Text Entry Order, April 6, 2007).

615 (3d Cir. 2002)). To that end, a court's proceeding under section 3582(c) is "not a do-over of an original sentencing where a defendant is cloaked" with rights mandated by the Constitution and statutory law. *Id.* (citing *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999)); *see also* FED. R. CRIM. P. 43(b)(4)(stating that a defendant "need not be present" for a section 3582(c)(2) proceeding).

Here, the Court, which sentenced Defendant in the first instance, is well familiar with the facts of the case. Therefore, upon consideration of same and Defendant's and the Government's factual arguments concerning the instant motion, the Court does not find that an evidentiary hearing is warranted. *Styer*, 2009 U.S. App. LEXIS 6240, at *7. Furthermore, the Court notes that Defendant has not requested an evidentiary hearing. The Court now turns to the whether Defendant is entitled to a reduction in his sentence.

Guideline § 1B1.10(a)(1), titled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range," provides that:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2).

U.S.S.G. § 1B1.10(a)(1). The statutory section referenced therein, 18 U.S.C. § 3582(c)(2) provides that:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is

> consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. 3582(c)(2). Section 3582(c)(2) permits a district court to retroactively reduce the term of imprisonment of a defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and Amendment 706 qualifies as such a reduction. U.S.S.G. § 1B1.10(c).

Guideline § 1B1.10 sets forth the policy statement applicable to 18 U.S.C. § 3582(c)92). *See* U.S.S.G. § 1B1.10 cmt. background. Specifically, Guideline § 1B1.10(a)(2) provides:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if - (A) None of the amendments listed in subsection (c) is applicable to the defendant; or (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2). In other words, for a sentence reduction under an amendment to the Guidelines to be consistent with the policy statements laid out in § 3582(c)(2), two requirements must be met: (1) the amendment must be listed in Guideline § 1B1.10(c); and (2) the amendment must "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2); *see also United States v. Miller*, Civ. A. No. 08-3079, 2009 U.S. App. LEXIS 6823, at *3-4 (3d. Cir. Mar. 30, 2009)(outlining test for determining whether a defendant is eligible for a sentence reduction based on an amendment to the sentencing guidelines); and *United States v. Jackson*, Civ. A. No. 08-2871, 2009 U.S. App. LEXIS, at *4 (3d Cir. Apr. 6, 2009)(noting that if amended guideline does effectively lower the sentencing range actually used at sentencing, then a defendant is not eligible for a reduction).

Effective on November 1, 2007, Amendment 706 generally adjusts downward the base offense level by two levels assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in Guideline § 2D1.1. Amendment 712 to the Guidelines made Amendment 706 retroactive on March 3, 2008, by adding 706 to the list of amendments in Guideline § 1B1.10(c). Therefore, Defendant satisfies the first requirement of the policy statement, namely, that the amendment applicable to him must be listed in § 1B1.10(c). *United States v. Knight*, Crim. No. 98-3 E, 2009 U.S. Dist. LEXIS 10319 (W.D. Pa. Feb. 4, 2009).

At the time of his initial sentencing, the Court calculated Defendant's total offense level to be 27 under Guideline § 2D1.1, using the 2007 edition of the Guidelines Manual, which produced a Guideline range of 70 to 87 months. Under the amended Guideline § 2D1.1, which eliminated the multiple conversion ratios in Application Note 10, Defendant's base offense level would be reduced to 25. *See* U.S.S.G. § 2D1.1, Application Note 10(D)(i)(stating if the offense involved cocaine base ("crack") and one or more other controlled substance, determine the combined offense level then reduce the combined offense level by 2 levels). Accordingly, with criminal history category of I, Defendant's applicable amended guideline range would be 57 to 71 months. Therefore, Defendant satisfied the second requirement of the policy statement, that is, that Amendment 706 has the effect of lowering his applicable guideline range.[2]

---

[2] The Court notes that the Government agrees that Defendant is entitled to a reduction in his offense level and does not object to a reduction in the sentence at Count I to 57 months imprisonment. (Docket No. 55 at 7-8).

Defendant argues for a further reduction to 51 ½ months based on the fact that this Court previously reduced his sentence from 70 months, the low end of the original guideline range, to 60 months. (Docket No. 53 at 11). In response, the Government contends that this Court at the time of sentencing took into consideration the Commission's belief that the range for cocaine base was disproportionate to that for cocaine, and therefore granted a variance. (Docket No. 55 at 8). The Government also argues that because the Court already considered other factors under section 3553(a), further reducing the sentence "would be giving [Defendant] a second bite of the apple." (*Id.*). Therefore, the Government contends that a reduction below 57 months is not warranted, especially because but for Defendant's qualification for the safety valve reduction in Guideline § 5C1.2, he would have been facing a mandatory minimum of ten (10) years. (*Id.*). Defendant acknowledges that this Court granted his request for a variance under Section 3553(a), as he argued the disparity between the crack cocaine and powder cocaine. (Docket No. 53 at 12; Docket No. 59 at 11: 18-25, 12:1-15). However, Defendant contends that he was not arguing that the guidelines were incorrectly calculated at the time of sentence, rather, he is arguing now that the Court's new starting point for the sentence is different, and thus, he should be sentenced to 51 ½ months to account for the Court's variance from the original guideline range. (*Id.*).

Guideline § 1B1.10(2)(A) states that, except as provided for subdivision (B), a court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and the policy statement related thereto to a term that is less than the minimum of the amended guideline range. U.S.S.G. § 1B1.10(2)(A). Subdivision B provides, however, that if the original term imposed was less than the term provided by the guideline range applicable to the defendant at the time of

sentencing, a reduction comparably less than the amended guideline range may be appropriate. U.S.S.G. § 1B1.10(2)(B). In reducing a defendant's sentence, the court is required to consider all pertinent information as spelled out in Section 3553(a) in determining whether and by how much to reduce the sentence. *See* U.S.S.G. § 1B1.10, Application Note 1(B). Within that determination, a court may consider post-sentencing conduct. *See* U.S.S.G. § 1B1.10, Application Note 1(B)(iii). A court has discretion in this regard to further reduce a term of imprisonment. U.S.S.G. § 1B1.10 cmt. background.

While it is true that the Court did consider the sentencing disparities between cocaine base and cocaine in granting Defendant's motion for variance (*see* Docket No. 59 at 25:11-1), the Court more heavily based its decision to vary on the 3553(a) factors. (*Id.*). Specifically, at the time of sentencing, despite the serious nature of his offense, this Court was impressed with Defendant's continued efforts in working hard, staying clean from drugs, supporting his family, and behaving within society. (*Id.* at 25:18-24; 26:1-4, 31:15-21). To that end, the evidence that Defendant has put forth in support of the instant motion (*see* Docket Nos. 57-2 and 57-3), which exhibits his continued efforts to become a contributing member of society, supports Defendant's argument for a further reduction from the amended guideline range under section 3553(a). Specifically, Defendant has provided documentation demonstrating that he has been employed while in prison and has completed three educational classes. (Docket No. 57-2). He has also completed a drug education program and a gambling awareness program. (Docket No. 57-2). Additionally, he has been apprenticing under the supervision of the state of Ohio in the trade of "computer peripheral briefer data entry clerk." (Docket No. 57-3). In this Court's estimation, while Defendant's post-sentencing conduct is not a

dramatic change from his efforts made before his sentencing hearing, the Court does consider Defendant's post-sentencing efforts to be evidence of his desire to start a path to a better life. *See* U.S.S.G. § 1B1.10, Application Note 1(B)(iii). Therefore, after applying section 3582(c)(2), and taking into consideration the 3553(a) factors and the language of guideline § 1B1.10(2)(B) providing for comparably less terms, the Court GRANTS Defendant's Motion for Reduction of Sentence (Docket No. [53]). Based on the amended guideline range of 57 to 71 months, the Court hereby reduces his sentence at Count I to 51 ½ months.

      An appropriate Order follows.

                                            *s/Nora Barry Fisher*
                                            Nora Barry Fischer
                                            United States District Judge

Date: May 11, 2009

cc/ecf: David B. Chontos, Esquire
       Kenneth J. Haber, Esquire
       Constance Bowden, AUSA